## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| Jennifer Lyons<br>1229 Priestley Ave<br>Erie, PA 16511 | : <br> : <br> : <br> : | # | 21-122 |
| Plaintiff | : <br> : | | |
| v. | : <br> : | | |
| Shawn Hill<br>75 North Chapel Street,<br>Gowanda, NY 14070 | : <br> : <br> : <br> : | | |
| And | : | | : |
| Loomis Armored US, LLC<br>2500 Citywest Bldv #900,<br>Houston, TX 77042 | : <br> : <br> : | | |
| And | : | | |
| Loomis Armored US, Inc.<br>2500 Citywest Bldv #900,<br>Houston, TX 77042 | : <br> : <br> : <br> : | | |
| Defendants | : <br> : | | |

## **COMPLAINT**

## **PARTIES**

1. Plaintiff, Jennifer Lyons, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Shawn Hill, is a resident of the State of New York, residing at the address listed in the caption of this Complaint.

3. Defendant, Loomis Armored US, LLC, is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

4. Defendant, Loomis Armored US, Inc, is a corporate entity authorized to conduct business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

5. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Jennifer Lyons, is a citizen of Pennsylvania and the Defendant, Shawn Hill, is a citizen of New York, and the Defendant, Loomis Armored US, LLC, upon information and belief is a corporate entity with its principal place of business in Pennsylvania and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

8. On or about September 24, 2019, at or about 3:18 PM, Plaintiff, Jennifer Lyons, was the operator of a motor vehicle, which was traveling at or near the intersection of State Street and West 26th Street, Erie, PA 16508.

9. At or about the same date and time, Defendant, Shawn Hill, was the operator of a motor vehicle, owned by Defendants, Loomis Armored US, LLC and Loomis Armored US, Inc, which was traveling at or around the aforementioned location of the Plaintiff's vehicle.

10. At or about the same date and time, Defendants' vehicle was involved in a collision with Plaintiff's vehicle.

11. At all times relevant hereto, Defendant, Shawn Hill, was operating the aforesaid Defendants, Loomis Armored US, LLC's and Loomis Armored US, Inc's, vehicle as an agent, servant and/or employee, acting within the scope of its agency.

12. The aforesaid motor vehicle collision was the result of Defendant, negligently, recklessly and/or carelessly, operating his/her vehicle in such a manner so as to strike Plaintiff's vehicle.

13. The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

14. As a result of the collision, Plaintiff suffered severe and permanent injuries, including injuries to the back and neck, as are more fully set forth below.

## COUNT I
### Jennifer Lyons v. Shawn Hill
### Negligence

15. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

16. The negligence, recklessness and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a. Striking Plaintiff's vehicle while attempting to make a U-Turn;

   b. Operating his/her vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, careless and/or reckless manner so as to strike Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    r.    Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

    s.    Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t.    Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

    u.    Being otherwise reckless, careless and/or negligent under the circumstances.

17. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to the back and neck, all to Plaintiff's great loss and detriment.

18. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

19. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

20. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

21. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, Plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

22. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, <u>et</u>. <u>Seq</u>., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jennifer Lyons, prays for judgment in plaintiffs' favor and against Defendant, Shawn Hill, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT II**
**Jennifer Lyons v. Loomis Armored US, LLC**
**Negligent Entrustment**

23. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

24. The negligence, recklessness and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

  a. Permitting Defendant, Shawn Hill, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

  b. Permitting Defendant, Shawn Hill, to operate the motor vehicle when Defendant, Loomis Armored US, LLC, knew, or in the exercise of due care and diligence, should have known that Defendant, Shawn Hill, was capable of committing the acts of negligence set forth above;

  c. Failing to warn those persons, including the Plaintiff, that Defendant, Loomis Armored US, LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Shawn Hill's negligent operation of the motor vehicle; and

  d. Otherwise negligently entrusting said vehicle to said individual Defendant, Shawn Hill.

25. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to the back and neck, all to Plaintiff's great loss and detriment.

26. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

27. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

28. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

29. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jennifer Lyons, prays for judgment in plaintiff's favor and against Defendant, Loomis Armored US, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Jennifer Lyons v. Loomis Armored US, LLC
### Respondeat Superior

30. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

31. The negligence, recklessness and/or carelessness of the Defendant, Loomis Armored US, LLC, itself and by and through its agent, servant and/or employee, Defendant, Shawn Hill, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a. Striking Plaintiff's vehicle while attempting to make a U-Turn;

b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, careless and/or reckless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u. Being otherwise reckless, careless and/or negligent under the circumstances.

32. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to the back and neck, all to Plaintiff's great loss and detriment.

33. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

34. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

35. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

36. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

37. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jennifer Lyons, prays for judgment in Plaintiffs' favor and against Defendant, Loomis Armored US, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT IV
### Jennifer Lyons v. Loomis Armored US, Inc
### Negligent Entrustment

38. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

39. The negligence, recklessness and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a. Permitting Defendant, Shawn Hill, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b. Permitting Defendant, Shawn Hill, to operate the motor vehicle when Defendant, Loomis Armored US, LLC, knew, or in the exercise of due care and diligence, should have known that Defendant, Shawn Hill, was capable of committing the acts of negligence set forth above;

    c. Failing to warn those persons, including the Plaintiff, that Defendant, Loomis Armored US, LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Shawn Hill's negligent operation of the motor vehicle; and

    d. Otherwise negligently entrusting said vehicle to said individual Defendant, Shawn Hill.

40. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to the back and neck, all to Plaintiff's great loss and detriment.

41. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

42. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

43. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

44. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jennifer Lyons, prays for judgment in plaintiff's favor and against Defendant, Loomis Armored US, Inc, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT V
### Jennifer Lyons v. Loomis Armored US, Inc
### Respondeat Superior

45. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

46. The negligence, recklessness and/or carelessness of the Defendant, Loomis Armored US, Inc, itself and by and through its agent, servant and/or employee, Defendant, Shawn Hill, acting at all times relevant hereto within the scope of it's agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a. Striking Plaintiff's vehicle while attempting to make a U-Turn;

b. Operating his/her vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle in a negligent, careless and/or reckless manner so as to strike Plaintiff's vehicle, without regard for the rights or safety of Plaintiffs or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    r.   Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

    s.   Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

    u.   Being otherwise reckless, careless and/or negligent under the circumstances.

47.   As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including injuries to the back and neck, all to Plaintiff's great loss and detriment.

48.   As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

49.   As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

50. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

51. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

52. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Jennifer Lyons, prays for judgment in Plaintiffs' favor and against Defendant, Loomis Armored US, Inc, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Ryan Flaherty*
      Ryan Flaherty, Esquire

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

